HALL, Acting Chief Judge.
The appellant, Pedro Rogelio Chaviano, raises several issues on appeal; however, we find merit only in his contentions that his convictions were improperly enhanced for use of a firearm and that the sentencing order as to one of his convictions erroneously indicates that a three-year minimum-mandatory sentence was imposed for use of a firearm. We therefore remand the case for corrections.
Chaviano was charged by superseding information with trafficking in cocaine pursuant to section 893.135(l)(b)(l), Florida Statutes (1991), count one; and possession of cocaine with intent to deliver within 1000 feet of a school pursuant to section 893.-13(l)(e), count two. Both charges were enhanced from first-degree felonies to life felonies pursuant to section 775.087(1), for use of a firearm. A jury thereafter found Chaviano guilty as charged — that is, for both armed trafficking and armed possession. Chaviano was thus sentenced to five years’ imprisonment on count one, with a five-year minimum-mandatory sentence and a $100,000 fine. As to count two, Chaviano was sentenced to four years’ imprisonment with a three-year minimum-mandatory sentence, to run consecutively to the sentence imposed in count one.
Section 775.087(1), permits the enhancement of a felony only when a defendant “carries, displays, uses, threatens, or attempts to use any weapon or firearm” during the commission of a felony. In the instant case, however, the record shows that Chaviano at no time during the commission of the instant offenses either carried, displayed, used, threatened, or otherwise attempted to use a weapon or firearm. In fact, the firearm referred to in the charging documents was found wedged in the driver’s seat of an automobile owned and driven by Chaviano’s codefendant. That automobile, with the gun, was at least thirty feet away from Chaviano at the time the undercover drug transaction involved herein took place.
Further, the transcript of the sentencing hearing clearly shows that Chavi-ano’s five-year minimum-mandatory sentence for trafficking was imposed pursuant to section 893.135(l)(b)(l)(b). Section 893.-135(l)(b)(l)(b) provides for a five-year minimum-mandatory sentence and a $100,000 fine where the amount of cocaine involved in a trafficking conviction is 200 grams or more, but less than 400 grams. Likewise, Chaviano’s three-year minimum-mandatory sentence was imposed pursuant to section 893.13(l)(e)(l), which provides for such where one has been convicted of possession of cocaine with intent to deliver within 1000 feet of a school.
The firearm at issue in the instant case did not provide a basis for the imposition of either of Chaviano’s minimum-mandatory sentences. The written sentencing order filed as to Chaviano’s possession conviction, however, erroneously indicates that the above-referenced three-year minimum-mandatory sentence was imposed for use of a firearm pursuant to section 775.087(2).
Since the instant record does not support an enhancement of Chaviano’s convictions for use of a firearm, and since the sentencing order as to Chaviano’s possession conviction is in error, the instant case is remanded for corrections consistent with this opinion.
PATTERSON and BLUE, JJ., concur.